STATE OF MAINE
PENOBSCOT, SS

FILED & ENTERED
SUPERIOR COURT

MAR 3 1 2005

PENOBSCOT COUNTY

SUPERIOR COURT
CRIMINAL ACTION
Docket No. CR-04-228

STATE OF MAINE

v.

DOUGLAS MARKWITH,
Defendant

ORDER ON
DEFENDANT'S MOTION TO DISMISS

## I. BACKGROUND

Douglas Markwith is charged by indictment with sexual exploitation of a minor, 17 M.R.S.A. § 2922(1)(A), class 'B' (Count I) and dissemination of sexually explicit materials, 17 M.R.S.A.§ 2923, class 'C' (Count II). He has pled not guilty and his counsel has filed a Motion to Dismiss the indictment. Both counts of the indictment allege that M____ B____, a minor engaged in "sexually explicit conduct" at the urging of Markwith or that he recorded her conduct and disseminated images of it. The parties agree that the conduct of M_____ B____ that is the subject of this case is limited to an act of masturbation or "conduct that creates the appearance of masturbation and also exhibits any uncovered or covered portions of the genital, anus, or pubic area." 17 M.R.S.A. § 2921(5)(C) and (F).

The defendant's motion asserts that the word "masturbation" as defined in section 2923 is overbroad, vague and unconstitutionally infringes on his constitutional rights.

## II. STATUTES

The indictment alleges that the defendant's conduct occurred on or about January 29 and March 31, 2003.[1] As to Count I, sexual exploitation of a minor, the pertinent part of the statute states:

---

[1] The statutes at issue here were repealed, P.L. 2003, c. 211 § B-1, and replaced with similar provisions in Title 17-A, Maine Criminal Code, however they were still in effect on the dates alleged.

1

**1. Offense.** A person is guilty of sexual exploitation of a minor if:

**A.** Knowing or intending that the conduct will be photographed for commercial use, he intentionally or knowingly employs, solicits, entices, persuades, uses or compels another person, who is in fact a minor, to engage in sexually explicit conduct;

\* \* \*

17 M.R.S.A. § 2922(1)(A).

As to Count II, dissemination of sexually explicit materials, the pertinent part of the statute states:

**1. Offense.** A person is guilty of dissemination of sexually explicit materials if he intentionally or knowingly disseminates or possesses with intent to disseminate any book, magazine, print, negative, slide, motion picture, videotape or other mechanically reproduced material which:

**A.** Depicts any minor, whom the persons knows or has reason to know is a minor, engaging in sexually explicit conduct;

\* \* \*

17 M.R.S.A. § 2923(1)(A).

"Sexually explicit conduct" is defined to include:

**A.** Sexual intercourse or sexual act [as defined in Title 17-A];

**B.** Bestiality;

**C.** Masturbation;

**D.** Sadomasochistic abuse for the purpose of sexual stimulation;

**E.** Lewd exhibition of the genitals or pubic area of a person; or

**F.** Conduct that creates the appearance of the acts in paragraphs A through D and also exhibits any uncovered portions of the genitals or pubic area.

17 M.R.S.A. § 2921(5)(A through F).

In the parties' memoranda addressing the Motion to Dismiss, they agree that the offensive conduct that is the subject of this case involves only masturbation, 17 M.R.S.A. § 2921(5)(C), or conduct that simulates masturbation, 17 M.R.S.A. § 2921(5)(F). The Criminal Code (Title 17-A M.R.S.A.) does not provide a specific definition for the act or *masturbation*.

2

The defendant has not requested a Bill of Particulars, M.R.Crim.P. 16(c)(1), that would more clearly define the type of conduct at the heart of the indictment.

## III. INDICTMENT

Both counts of the indictment generally allege that the minor engaged in "sexually explicit conduct." On its face, this indictment is sufficient: In general terms it sets out all essential elements of each offense and adequately informs the defendant of the nature of the charges against him. *See* 1 ME CRIM. PRAC., Cluchey and Seitzinger, § 7.2.

## IV. DISCUSSION

The criminal rules do not provide for a procedure that is the functional equivalent of a motion for summary judgment as in the Maine Rules of Civil Procedure (M.R.Civ.P. 56). There is no formal method to test the sufficiency of the facts prior to trial; thus, the court's ruling here is based only on the challenge to the statute defining "masturbation" and the sufficiency of the indictment.[2]

Although the Criminal Code does not offer a definition of masturbation, the court then looks to its common meaning:

> Masturbation: Excitation of one's own or another's genital organs, usually to orgasm, by manual contact or means other than sexual intercourse.

*THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE*, 3rd ed., 1996.[3]

The clear intent of the statute at issue here is for the protection of minors. Considering the common definition or understanding of "masturbation," the statutory

---

[2]  *See* Part III wherein the court finds the allegations of the indictment to be sufficient.

[3]  An alternative definition, but with the same meaning can be found in other dictionaries, e.g.:
     Masturbation: erotic stimulation involving the genital organs commonly *resulting in orgasm and achieved by manual or other bodily contact exclusive of sexual intercourse, by instrumental manipulation, occas, by sexual fantasies, or by variouys combinations of these agencies.*
     *Webster's Third New International Dictionary*, unabridged, 1971.

prohibition of the act of "masturbation" and "conduct that creates the appearance of [masturbation];" the specific issue remaining in this case is whether the conduct M_____ B_____ "creates the appearance of masturbation." This issue is case specific and depends upon the evidence offered at trial. In the present situation, neither the allegations of the indictment nor the statutorily prohibited conduct is overbroad or vague on its face and the Motion to Dismiss must be denied.

## V. DECISION

The entry will be: Defendant's Motion to Dismiss is denied.[4]

**SO ORDERED.**

Dated: _March 31, 2005_

Thomas E. Delahanty II
Justice, Superior Court

---

[4] In submitting the motion to the court, counsel for defendant presented "Exhibit A", a digital recording, which the court understands to be a presentation of the conduct of the minor that forms the basis of this prosecution. The exhibit is in the form of a "CD" which the court was unable to view despite attempts to use it on several machines. Although the court is personally technologically handicapped, it did have the opportunity to view the scene with the assistance of the District Attiorney's office. Counsel for the defendant was informed and has no objection.

4